IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | CIVIL ACTION NO. 1:23-cv-221-HSO-BWR |
| $4,845.00 U.S CURRENCY | DEFENDANT PROPERTY |

## **DEFAULT JUDGMENT OF FORFEITURE**

Before this Court is Plaintiff United States of America's Motion for Default Judgment of Forfeiture [10]. Having considered the Motion and the relevant statutes and jurisprudence in this matter, this Court finds that the relief the United States seeks has merit and should be granted. This Court further finds and adjudicates as follows:

1. On August 24, 2020, the Drug Enforcement Administration ("DEA") seized $4,845.00 in U.S. Currency (20-DEA-669051) from Willie Bernard Smith (also known as Willie James Smith, also known as Willie B. Gant) (hereafter referred to as "Smith"). The DEA initiated administrative forfeiture proceedings against the U.S. Currency seized from Smith, and on June 5, 2023, Smith filed an administrative claim with the DEA. Accordingly, the DEA referred the claim to the U.S. Attorney's Office for judicial forfeiture proceedings.

2. On August 31, 2023, the United States filed a Verified Complaint for Forfeiture *in Rem* [1], against the U.S. Currency seized from Smith. The Complaint alleged that the Defendant Property is subject to forfeiture under 21 U.S.C. § 881(a)(6) and 18 U.S.C. §§ 981(a)(1)(A) and (C).

3.      The Declaration in Support of the Verified Complaint [1-1], executed by Alexander W. Smith, DEA Task Force Officer, was attached to the Verified Complaint [1] as Exhibit A. The Declaration established the probable cause for the seizure of the Defendant Property and, pursuant to Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, stated "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof [to establish, by a preponderance of the evidence, that the property is subject to forfeiture] at trial." *See* Rule G(2)(f); 18 U.S.C. § 981(c)(1).

4.      On September 1, 2023, the Clerk of Court issued a Warrant of Arrest *in Rem* [4].

5.      Under Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States served direct written notice of this civil asset forfeiture action, including copies of the Verified Complaint for Forfeiture *in Rem* [1], and Notice of Complaint for Forfeiture [2], to Smith at both his last known personal address and his place of incarceration, the only potential claimant reasonably known to the United States, as evidenced by the United States' Proof of Service [7].

6.      Beginning on September 6, 2023, the United States published for thirty (30) consecutive days on an official government internet website at

www.forfeiture.gov, notice of the instant case, as evidenced by the Proof of Publication [6].

7.    The aforementioned publication and direct notices informed Smith, and all other persons or entities, known or unknown, having or claiming an interest in the Defendant Property that the Defendant Property had been arrested and that this instant civil forfeiture action was pending.  The publication and direct notices also informed said persons and entities that they had thirty-five (35) days after being sent direct notice or sixty (60) days after the first date of the published notice to file a claim, and twenty (21) days thereafter to file an answer.  Furthermore, the notice referred any such persons or entities to Rule G(5) of the Supplemental Rules of Admiralty and Maritime Claims and Asset Forfeiture Actions, and warned that if this Supplemental Rules were not strictly followed, the Court could strike any claim and answer and enter default judgment of forfeiture or summary judgment against any improperly claimed interest in the Defendant Property.

8.    The United States took all reasonable measures to ensure that Smith and all other possible claimants received such notice in a timely fashion.

9.    As of this date, no claims, answers, or appearances have been filed to assert an interest in the Defendant Property, or to otherwise defend against this instant forfeiture action, by Smith or any other person or entity.  Thus, the time pursuant to Supplemental Rule G, for Smith or any other person or entity to file a valid claim or answer in this action has lapsed.

10.     As such, Smith and all other possible claimants are in total default; the Clerk of Court's November 7, 2023, Entry of Default [9] was proper; and the United States is entitled to a default judgment of forfeiture against the full interests of Smith and all other persons and entities in the Defendant Property, all without the necessity of further notice to Smith or any other person or entity.

IT IS, THEREFORE, ORDERED AND ADJUDGED THAT:

a.      The United States of America is hereby given a default judgment of forfeiture against the full interests of Smith and all other persons and entities in the Defendant Property described below:

| Asset ID | Asset Description |
|---|---|
| 20-DEA-669051 | $4,845.00 in United States Currency seized from Willie Bernard Gant, a/k/a Willie B. Gant, a/k/a Willie Bernard Smith |

b.      Any administrative claims or interests therein of any entities or persons, including Smith and any other possible claimant are hereby canceled;

c.      The Defendant Property is referred to the custody of U.S. Marshals Service and/or the Drug Enforcement Administration for disposition in accordance with the relevant law and regulations.

SO ORDERED AND ADJUDGED, this 8th day of November, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE